UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JOSE FRANCIS

   -v-                                      **MEMORANDUM AND ORDER**
                                            Case No. 19-CV-01303 (FB)
COMMISSIONER OF SOCIAL
SECURITY,
-------------------------------------------------x

Appearances:
 *For the Plaintiff*:                         *For the Defendant:*
 Daniel Adam Osborn                   Arthur Swerdloff
 Osborn Law                                 U.S. Attorney's Office, E.D.N.Y.
 43 West 43rd Street, Ste 131        271 Cadman Plaza East
 New York, NY 10036                   Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

       Jose Francis seeks review of the Commissioner of Social Security's denial of his application for disability insurance benefits. Both parties move for judgment on the pleadings. For the following reasons, Francis's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings.

I.

       Plaintiff applied for disability benefits on March 31, 2015. His application was denied and he requested a hearing before an ALJ. Thereafter, the ALJ ruled Plaintiff was not disabled, assigning an RFC of "light work . . . except [Francis] is limited to occasional reaching overhead with his right upper extremity and occasional stooping, bending, crouching and crawling." AR 13 ("Decision"). The Appeals Council declined review.

1

II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); see also 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the Court is "unable to fathom the ALJ's rationale in relation to evidence in the record," we do "not hesitate to remand the case for further findings or a clearer explanation for the decision." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196–97 (1947)).

III.

We remand the ALJ's Decision for two reasons. First, in determining Plaintiff's RFC, the Decision inappropriately cherry-picks from opinion evidence provided by two consultative physicians—Drs. Louis Tranese and Allen Meisel.[1] The ALJ assigned "significant weight to the opinion of Dr. Tranese *even though* . . .

---

[1] The ALJ made two attempts to obtain treatment records from Plaintiff's treating physician, but received no response. Regulations require the agency make only two attempts to obtain a claimant's treatment records. 20 C.F.R. § 416.912(b)(1)(i).

2

[Dr. Tranese] did not give a function-by-function breakdown of the claimant's specific limitations," and accorded only "partial weight" to the opinion of Dr. Meisel (who *did* provided a function-by-function assessment) because the ALJ "d[id] not agree with the narrative portion of the doctor's opinion." AR 14–15.  Whatever 'disagreement' the ALJ had with the "narrative portion" of Dr. Meisel's opinion, that does not explain why the ALJ discounted Dr. Meisel's non-narrative function-by-function assessment, nor how the ALJ determined Plaintiff's RFC on the basis of Dr. Tranese's one-time consultative examination that lacks a function-by-function assessment.  "Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error." *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010).

Second, Plaintiff testified that his back pain impaired his ability to concentrate, read, and focus on tasks to completion. AR 31. "[W]here the claimant's exertional impairments are compounded by significant nonexertional impairments . . . the Commissioner must introduce the testimony of a vocational expert." *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999).  Here, the ALJ resolved (without explanation) that Plaintiff's ability to perform light work "[was] only minimally affected by [Plaintiff's] non-exertional limitations" and settled on an RFC without

3

first consulting a vocational expert. The ALJ offers no explanation as to *why* Plaintiff's non-exertional limitations had only "minimal" effects on his ability to work. Without such an explanation, we cannot affirm a decision that discounts a claimant's non-exertional impairments and issues an RFC determination without the benefit of a vocational expert's assessment.

On remand, the ALJ must reconsider all medical opinions and consult a vocational expert. To the extent the ALJ is unsatisfied with the record or believes there are evidentiary gaps, it is his duty to develop the record further. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2010) ("The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings.").

IV.

For the foregoing reasons, Francis's motion is GRANTED and Commissioner's motion is DENIED, and the case is remanded for reconsideration in light of this memorandum and order.

**SO ORDERED**.

　　　　　　　　　　　　　　　　　　　 /S/ Frederic Block
　　　　　　　　　　　　　　　　　　　FREDERIC BLOCK
　　　　　　　　　　　　　　　　　　　Senior United States District Judge

Brooklyn, New York
September 10, 2020